UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JUCIRLEY ALVES DE ANDRADE**     **CIVIL DOCKET NO. 6:25-cv-01695**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**BRYAN PATTERSON, ET AL**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS (the "Petition") filed by the Petitioner, Jucirley Alves de Andrade (hereinafter, "Petitioner"). [Doc. 1]. A MOTION FOR TEMPORARY RESTRAINING ORDER was filed by Petitioner on the same day. [Doc. 2]. Respondents Bryan Patterson, Todd Lyons, and Pamela Bondi (collectively, "Respondents") filed a Response on November 12, 2025, [Doc. 7], to which Petitioner filed a Reply on November 19, 2025, [Doc. 8]. For the following reasons, the Petition is DENIED and DISMISSED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a Brazilian native who illegally entered the United States at an unknown location in Arizona on or about May 10, 2021, without being inspected by an immigration officer. [Doc. 1, ¶ 22]; *see also* [Doc. 7, p. 8]. He was not admitted or paroled following entry.

The Petitioner does not provide any explanation for his whereabouts between May 10, 2021, and the present, aside from confirming that he entered from Mexico and was taken into custody on September 12, 2025, in Massachusetts. At the time of his arrest, Petitioner was without a valid passport or any documentation authorizing

his presence in the United States. [Doc. 7, pp. 8-9]. He was charged with violations of § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) and § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). [Doc. 7-1].

Petitioner was subsequently placed in removal proceedings under INA Section 240, with a hearing scheduled for October 16, 2025. However, the hearing was continued to allow Petitioner time to retain counsel, and his next master calendar hearing was set for November 12, 2025. As of now, Petitioner remains in removal proceedings. 8 U.S.C. § 1229(a). [Doc. 7, p. 9].

Petitioner, Mr. Alves de Andrade, argues that his current detention by ICE is unlawful because the government is improperly classifying him as an "applicant for admission" detained under 8 U.S.C. § 1225(b), a statute that does not allow for release on bond. He contends that because he was arrested inside the United States—after having lived, worked and established a home here for several years—his detention is governed instead by 8 U.S.C. § 1226(a), which allows for the possibility of release on bond pending removal proceedings. *See generally* [Doc. 1].

Petitioner asserts that the Department of Justice ("DOJ") and the Immigration Court are refusing to provide him with the required bond hearing based on the Board of Immigration Appeal's ("BIA") new decision in *Matter of Yajure Hurtado* (2025), which classifies individuals like him as § 1225(b) detainees. He argues that this policy contradicts longstanding statutory practice, has been rejected by multiple federal courts, and unlawfully deprives him of his statutory right to a bond hearing. [*Id.*]

Additionally, Petitioner claims that Respondents' denial of a bond hearing violates the Fifth Amendment's Due Process Clause. He emphasizes his strong liberty interests, the severe hardship caused to his family, and the high risk of erroneous detention when no individualized custody assessment is provided. He asserts that due process requires a bond hearing at which the government would bear the burden of continued detention. [*Id.*]

At bottom, Petitioner seeks an order compelling DOJ to provide him an individualized bond hearing under § 1226(a), at which ICE would be required to justify his detention by clear and convincing evidence. [*Id.*] Respondents counter that Petitioner's detention under § 1225(b) instead of § 1226(a) is consistent with the plain statutory language and does not deprive Petitioner of due process. *See generally* [Doc. 7].

## LAW AND ANALYSIS

### I. Jurisdiction

#### A. Writ of Habeas Corpus

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. Art. I, § 9, cl. 2). Under § 2241, the writ is extended *inter alia* to persons "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). The Supreme Court has interpreted § 2241 as granting district courts with jurisdiction to hear habeas corpus challenges to the legality of the detention of aliens. *Rasul v. Bush*, 542 U.S. 466, 473 (2004). Here, Petitioner alleges that he is being held in violation of the statutory scheme set forth

in portions of the INA, codified at 8 U.S.C. §§ 1225 and 1226. *See* [Doc. 1, ¶¶ 32, 33]. Thus, this Court possesses habeas jurisdiction because Petitioner claims he is being detained "in violation of the … laws … of the United States." 8 U.S.C. § 2241(c)(3).

### B.   The INA's Jurisdiction-Stripping Provisions

Clearly having general habeas jurisdiction over aliens, the Court next turns to Respondents' contention that this Court nonetheless lacks jurisdiction over the claims asserted in the Petition because 8 U.S.C. §§ 1252(b)(9) and 1252(g) operate to strip this Court of jurisdiction. [Doc. 7, pp. 29–32]. Petitioner disagrees with the Respondents' claim that this Court lacks jurisdiction over the matter under 8 U.S.C. § 1252(b)(9) and argues that neither provision applies to claims challenging detention without bond. *See generally* [Doc. 8]. However, because the Court determines that the Petitioner is not entitled to habeas relief under the facts presented, the Court declines to determine the applicability of the jurisdiction-stripping provisions of the INA cited by the Respondents.

### II.   Classification Under 8 U.S.C. §§ 1225 and 1226

As stated above, Petitioner's primary argument challenges the applicability of 8 U.S.C. § 1225(b)(2) to his case. Instead, he contends that his removal proceedings should be categorized as occurring pursuant to 8 U.S.C. § 1226, under which a detainee may be eligible for a bond hearing. *See generally* [Doc. 1]. Relying on broad language included in *Jennings v. Rodriguez,* 583 U.S. 281 (2018), Petitioner asserts that § 1225 only applies to aliens who are "seeking entry," such as aliens who are crossing or have just recently crossed the border, or aliens who petition for admission at a port of entry. [Doc. 1, ¶ 15]. Petitioner further contends that § 1226 applies to

aliens who enter without inspection and have resided in the country's interior for an extended period. [*Id.,* ¶¶ 16, 17]. Conversely, Respondents maintain that under a plain reading of the relevant statutes, § 1225 is a narrower statute applying to all aliens who are "applicants for admission," while § 1226 is a broader statute potentially applicable to any alien. [Doc. 7, pp. 10–14]. With this background—and given the relative complexity of the subject matter—the Court will engage in a thorough analysis of the plain language and statutory schemes of the relevant provisions of §§ 1225 and 1226 to address Petitioner's claims.

When engaging in statutory interpretation, "[w]e begin, as always, with the text." *Esquivel-Quintana v. Sessions*, 581 U.S. 385, 391 (2017). And "[i]f the statutory language is plain, we must enforce it according to its terms." *King v. Burwell*, 576 U.S. 473, 486 (2015).

### A. Section 1225: A Provision Applicable to all "Applicants for Admission"

Section 1225 governs the inspection, detention, and removal of aliens seeking admission into the United States. Among other things, it provides detailed procedures for handling "applicants for admission," such as an expedited removal process and the processing of asylum claims. *See, e.g.,* 8 U.S.C. § 1225(b)(1)(A)–(B). Important here, § 1225 also has specific detention requirements for "an alien who is an applicant for admission." *Id.* § 1225(b)(2)(A). Accordingly, to determine the legality of Petitioner's detention under § 1225(b)(2), the Court must first determine whether Petitioner is properly classified under the statute as an "applicant for admission."

### 1. Section 1225(a): Defining "Applicants for Admission"

Section 1225(a) defines applicants for admission: "[a]n alien present in the United States who has not been admitted *or* who arrives in the United States ... shall be deemed ... an applicant for admission." *Id.* § 1225(a)(1) (emphasis added). The "or" in the statute is disjunctive, and thus indicates that there are two types of aliens who are treated as "applicants for admission:" (1) those who have not been admitted, and (2) those who arrive in the United States.

An alien who is a statutorily defined "applicant for admission" may be either inadmissible or not inadmissible. Applicants for admission are <u>not</u> *per se* inadmissible if they arrive at a port of entry and present themselves for inspection. *See id.* § 1225(a)(1). Conversely, an alien may be an "applicant for admission" who is also inadmissible by: (1) being present in the United States without having been admitted or paroled; or (2) arriving at a time or place not designated by the Attorney General. *See id.*; *see also id.* § 1182(a)(6)(A)(i). An "applicant for admission" may also be inadmissible if they do not possess "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document" "at the time of application for admission." *Id.* § 1182(a)(7)(A)(i)(I); *see also id.* § 1225(a)(1).

Thus, under the plain text of § 1225(a)(1), any alien physically present in the United States who has not been admitted is an "applicant for admission," regardless of how long they have been in the country or whether they ever intended to apply or enter properly.

### 2. Section 1225(b): Detention of Applicants for Admission

Although the length of an alien's presence in the United States is not determinative of whether they are an "applicant for admission" under § 1225(a)(1), it does affect the course of an applicant's removal proceedings. More specifically, applicants for admission "fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." *Jennings*, 583 U.S. at 287.

Section 1225(b)(1) "applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "certain other aliens designated by the Attorney General." *Id.* An alien is a "certain other alien" for § 1225(b)(1) purposes if they have "not been admitted or paroled into the United States and … [have] not affirmatively shown …" that they have "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Section 1225(b)(2) "is broader" and applies to all "other aliens" who are not included under § 1225(b)(1) but are nevertheless defined as "applicant[s] for admission" under § 1225(a). *Jennings*, 583 U.S. at 287; 8 U.S.C. § 1225(b)(2)(A). In other words, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here)." *Jennings*, 583 U.S. at 287 (citing 8 U.S.C. § 1225(b)(2)(A), (B)).

Aliens who are subject to removal under § 1225(b)(1) are to be "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum … or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). These removal proceedings are considered "expedited removal"

proceedings because the alien is to be removed "without further hearing or review." *Id.* However, aliens subject to removal under § 1225(b)(2) are not subject to expedited removal but, rather, removal proceedings in the ordinary course pursuant to § 1229a. But, important here, the statute mandates that they nonetheless "*shall* be detained" for the pendency of their removal proceedings. *See id.* § 1225(b)(2) (emphasis added).

Thus, an alien who is an "applicant for admission" is subject to mandatory detention regardless of whether they are being processed for removal under the expedited procedure set forth in § 1225(b)(1) or under the "standard" § 1229a removal proceedings called for in 1225(b)(2). Both mandate detention throughout the pendency of the removal proceedings.[1]  *Id.* § 1225(b)(1)–(2).  Put differently, both sections require mandatory detention until the conclusion of the inspection process—whether it is through expedited removal or the conclusion of § 1229a removal proceedings.

### B.  Section 1226: A Catchall Provision for All Aliens

"Even once inside the United States, aliens do not have an absolute right to be here." *Jennings*, 583 U.S. at 288. "[A]liens who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission" are subject to possible removal under § 1226.  *Id.* (citing 8 U.S.C. § 1227(a)(1)–(2)).

---

[1]  Under § 1225(b)(1)(B)(iii)(IV), the alien "*shall* be detained pending a final determination of credible fear of persecution and, if found to have no such fear, until removed." *Id.* § 1225(b)(1)(B)(iii)(IV) (emphasis added). And under § 1225(b)(2)(A), "the alien *shall* be detained for a proceeding under [§] 1229a." *Id.* § 1225(b)(2)(A) (emphasis added). Thus, both § 1225(b)(1) and (b)(2) mandate the detention of applicants for admission.

Section 1226 therefore operates as a catchall provision that "generally governs the process of arresting and detaining ... aliens pending their removal." *Id.*

The statutory text of § 1226 bears out that purpose. "On a warrant ... by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a); *see also Jennings*, 583 U.S. at 288. Under federal regulations, aliens detained under § 1226(a) may be afforded bond hearings at the outset of their detention.[2] 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also Jennings*, 583 U.S. at 306. Thus, § 1226(a) operates as a catchall provision for all aliens, including those who enter lawfully but later become inadmissible.

C. **Petitioner is Subject to § 1225(b) Detention as an "Applicant for Admission," and the Application of § 1225(b) to Petitioner Does Not Render § 1226(a) Superfluous**

Here, considering the information presented to the Court, Petitioner has been properly classified as an "applicant for admission." Again, an "applicant for admission" is broadly defined by statute as "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). Petitioner does not argue that he has been admitted, and Petitioner's "Notice to Appear" charges him with removability under § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) and § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). *See generally* [Doc. 1]; [Doc. 7-1]; [Doc. 8-1]. Because Petitioner

---

[2] "Section 1226(c) ... carves out a statutory category of aliens who may *not* be released under § 1226(a)." *Jennings*, 583 U.S. at 289 (emphasis in original). This Section prohibits the release of aliens who have committed certain criminal acts or acts of terror. *See* 8 U.S.C. § 1226(c). There are exceptions to § 1226(c)'s prohibition on releasing certain criminal aliens, such as for witness protection purposes, that are not relevant here. *See* 8 U.S.C. § 1226(c)(4). However, Respondents do not aver that Petitioner is detained pursuant to § 1226(c).

entered the United States at an unknown location in Arizona, without being inspected by an immigration officer, he is therefore also appropriately categorized as an inadmissible alien under § 1182.³ *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I); [Doc. 7]. The Court therefore concludes that § 1225(b)(2)'s plain language and the "all applicants for admission" language of *Jennings* permits DHS to detain Petitioner under § 1225(b)(2). *See Jennings*, 283 U.S. at 287 ("[Section 1225(b)(2)] serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)…."); *see also* 8 U.S.C. § 1225(a)(1) (defining an "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States….").

Nor does this interpretation render § 1226(a) superfluous. Of course, it is clear from the plain text of the INA that there is substantial potential overlap between § 1226(a) and § 1225(b)(2). This notwithstanding, there are categories of aliens to whom § 1226(a) is applicable, but not § 1225(b)(2). One example is the Petitioner in *Jennings*, Alejandro Rodriguez. Rodriguez was a Mexican citizen who had been a lawful permanent resident since 1987. *Jennings*, 583 U.S. at 289. Rodriguez was convicted of a drug offense in 2004, and the Government detained him under § 1226 and sought his removal. *Id.* at 289–90. Rodriguez was not an inadmissible alien nor an "applicant for admission;" rather, he was an admitted alien. Thus, Rodriguez's

---

³   As noted above, under § 1182 an alien is inadmissible if they are "present in the United States without being admitted or paroled, or [] arrive[] in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i). An "applicant for admission" may also be inadmissible if they do not possess "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document" "at the time of application for admission." 8 U.S.C. 1182(a)(7)(A)(i)(I).

case discussed in *Jennings* is a paradigmatic example of an admitted alien who is not an "applicant for admission" but who subsequently became subject to removal under § 1226(a).

Decisions from other district courts throughout the United States, including ones in this district, have rejected Respondents' argument and found that aliens like Petitioner are subject to detention under § 1226(a), not § 1225(b).[4] Although not binding upon this Court, this Court will briefly discuss why this Court's analysis differs from that of other courts.

First, many of these cases rest upon the premise that §§ 1225 and 1226 are mutually exclusive relying on broad language in *Jennings*. But in *Jennings*, the Supreme Court did not state that § 1225(b) applies *only* to aliens seeking entry into the United States; instead, the *Jennings* Court stated that "§ 1225(b) applies *primarily* to aliens seeking entry into the United States." 583 U.S. at 297 (emphasis added); *see also Vargas Lopez*, 2025 WL 2780351, at *9 n.5 (D. Neb. Sept. 30, 2025). Thus, the *Jennings* Court did not restrict the application of § 1225(b) only to aliens who are seeking entry into the United States or aliens who are near the border. Under the plain statutory language of § 1225(a)(1) that defines "applicants for

---

[4] *See e.g., Ventura Martinez v. Trump*, 3-25-cv-01445 (W.D. La. Oct. 22, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez Santos v. Noem*, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Lopez-Arevelo v. Ripa*, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025); *Barrera v. Tindall*, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Lopez-Campos v. Raycroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Giron Reyes v. Lyons*, 2025 WL 2712427 (N.D. Iowa Sept. 30, 2025); *Belsai D.S. v. Bondi*, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Arrazola-Guzman v. Andrews*, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *but see, e.g., Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 3025); *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pena v. Hyde*, 2025 WL 2108913, (D. Mass. July 28, 2025); *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025).

admission," § 1225(b) also applies to those who are "present in the United States who ha[ve] not been admitted." 8 U.S.C. § 1225(a)(1). This is precisely Petitioner's status.

Second, although other district courts correctly found that some petitioners were subject to § 1229a standard removal proceedings instead of § 1225(b)(1) expedited removal proceedings, these courts conflated the type of removal proceeding that was initiated by DHS with that detainee's eligibility for a bond hearing. As discussed above, aliens who are subject to removal under both §§ 1225(b)(1) and 1229a are subject to mandatory detention; the only distinction is the process employed thereafter in removal proceedings. Therefore, the Court finds these other cases unpersuasive and concludes that Petitioner is subject to mandatory detention under § 1225(b)(2), without eligibility for a bond hearing.

Furthermore, many of these district court cases were decided before – or soon after – the BIA issued its opinion in *Matter of Yajure Hurtado*. 29 I&N Dec. 216 (BIA 2025). In *Hurtado*, the BIA correctly noted that "applicants for admission … are those aliens who are seeking admission and who an immigration officer has determined are 'not clearly and beyond a doubt entitled to be admitted.'" *Id.* at 218 (citing 8 U.S.C. § 1225(b)(2)(A)). Thus, "[t]his category is a 'catchall provision that applies to all applicants for admission not covered by'" § 1225(b)(1). *Id.* (quoting *Jennings*, 583 at 287). Consequently, "the INA explicitly requires that this … 'catchall' category of applicants for admission be mandatorily detained for the duration of their immigration proceedings." *Id.* at 218–19.

The BIA decision also correctly observed that § 236 of the INA, 8 U.S.C. § 1226(a), "does not purport to overrule the mandatory detention requirements for

arriving aliens and applicants for admission explicitly set forth in [§] 235(b)(1) and (2) of the INA, 8 U.S.C. § 1225(b)(1), (2)." *Id.* at 219. And, as this Court noted above, "while an inadmissible alien who establishes that he or she has been present in the United States for over 2 years is not subject to the expedited removal process, the alien nevertheless 'shall be detained for a proceeding under [§ 1229a].'" *Id.* at 219–20 (citing INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A)).

And while, of course, the BIA's precedential decisions are not binding upon this Court, the Court does acknowledge that the BIA is a court that possesses subject matter expertise on immigration matters. Thus, when considering the BIA's thorough analysis of the plain statutory text and legislative history of the INA, this Court finds *Hurtado* persuasive. *See id.* at 222–25 (discussing the legislative history of the INA).

Finally, though not necessary to reach its conclusion, this Court notes that its analysis comports with the legislative history of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 302(a), 110 Stat. 3009-546, 3009-579, which added § 1225(a)(1) in 1996. Before IIRIRA, there was "an anomaly whereby immigrants who were attempting to lawfully enter the United States were in a worse position than persons who had crossed the border unlawfully." *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020). Congress remedied this through the addition of § 1225(a)(1), which "ensure[d] that all immigrants who have not been lawfully admitted, regardless of their physical presence in the country, are placed on equal footing in removal proceedings under the

INA – in the position of an 'applicant for admission.'" *Id.* The plain statutory text comporting with the legislative history supports this Court's conclusion.[5]

## CONCLUSION

For the foregoing reasons, the Court finds on the showing made that Petitioner is lawfully detained under § 1225(b)(2) and is therefore not entitled to a bond hearing. And because Petitioner has been lawfully detained and currently in removal proceedings, his detention does not violate due process under the Supreme Court precedent. *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018) ("Congress has authorized immigration officials to detain some classes of aliens during the course of certain immigration proceedings.").

Accordingly,

IT IS HEREBY ORDERED that the Petitioner's MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. 2] and PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] are DENIED and DISMISSED.

---

[5] For this Court to conclude that an alien who has unlawfully entered the United States and managed to remain in the country for a sufficient period of time is entitled to a bond hearing, while those who seek lawful entry and submit themselves for inspection are not, not only conflicts with the unambiguous language of the governing statutes, but would also seemingly undermine the intent of Congress in enacting the IIRIRA. This Court thus "refuse[s] to interpret the INA in a way that would in effect repeal [Congress's] statutory fix." *United States v. Gambino-Ruiz*, 91 F.4th 981, 990 (9th Cir. 2024).

THUS, DONE AND SIGNED in Chambers on this 21st day of November 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE